# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

DELTA FAUCET COMPANY,

                Plaintiff,

      v.

KOHLER CO.,

                Defendant.

Case No. 17-cv-1222-SEB-DML

**DEFENDANT KOHLER CO.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO DELTA FAUCET COMPANY'S COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Defendant Kohler Co. ("Kohler") answers Plaintiff Delta Faucet Company's ("Delta's") Complaint for Patent Infringement ("Complaint") as follows:

### THE PARTIES

1.      Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1, and on that basis denies such allegations.

2.      Kohler admits the allegations contained in Paragraph 2.

3.      Kohler admits the allegations contained in Paragraph 3.

### JURISDICTION AND VENUE

4.      Kohler repeats and realleges its answer to Paragraphs 1 through 3 of the Complaint as though fully stated herein.

5.      Kohler admits that this is an action for alleged patent infringement relating to U.S. Patent No. 7,360,723 ("the '723 Patent") and that this Court has subject matter jurisdiction over

this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies that it infringes or has infringed any valid claim of the '723 Patent.

6.      Kohler admits that this Court has personal jurisdiction over Kohler and that Kohler has conducted business within the State of Indiana and the Southern District of Indiana. Kohler denies the remaining allegations of Paragraph 6 of the Complaint.

7.      Kohler does not contest venue but does not admit that venue in this District is proper.  Kohler denies the remaining allegations in Paragraph 7 of the Complaint.

## [ALLEGED] FACTUAL BACKGROUND

8.      Kohler repeats and realleges its answers to Paragraphs 1 through 7 of the Complaint as though fully stated herein.

9.      Kohler admits that Exhibit A to the Complaint purports to be United States Patent No. 7,360,723, titled "Showerhead System With Integrated Handle," bearing an issue date of April 22, 2008, and listing Moty Lev as the inventor.  Kohler lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 9, and on that basis denies such allegations.

10.      Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 10, and on that basis denies such allegations.

11.      Kohler admits that it offers for sale and sells a Converge line of showerheads, including Model # R77753-CP, Model # R77753BN, Model # R777634-CP, and Model # R777634-BN.  Kohler denies the remaining allegations of Paragraph 11.

12.      Kohler admits that Model # R77753-CP, Model # R77753BN, Model # R777634-CP, and Model # R777634-BN are or were available and are or were being offered for sale at Lowe's stores and/or via the internet at www.lowes.com, including to customers located within

the State of Indiana and this District. Kohler lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in Paragraph 12, and on that basis denies such allegations.

13. Kohler denies the allegations contained in Paragraph 13.

14. Kohler admits that at least one patent search revealed the '723 Patent among several others patents, but otherwise denies the allegations contained in Paragraph 14.

15. Kohler denies the allegations contained in Paragraph 15.

16. Kohler denies the allegations contained in Paragraph 16.

## [ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 7,360,723

17. Kohler repeats and realleges its answers to Paragraphs 1 through 16 of the Complaint as though fully stated herein.

18. Kohler denies the allegations contained in Paragraph 18.

19. Kohler lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19, and on that basis denies such allegations.

20. Kohler denies the allegations contained in Paragraph 20.

21. Kohler denies the allegations contained in Paragraph 21.

22. Kohler denies the allegations contained in Paragraph 22.

23. Kohler denies the allegations contained in Paragraph 23.

24. Kohler denies the allegations contained in Paragraph 24.

25. Kohler denies the allegations contained in Paragraph 25.

26. Kohler denies the allegations contained in Paragraph 26.

27. Kohler denies the allegations contained in Paragraph 27.

28. Kohler denies the allegations contained in Paragraph 28.

29.     Kohler denies the allegations contained in Paragraph 29.

## [DELTA'S] PRAYER FOR RELIEF

Kohler incorporates herein its responses to Paragraphs 1 through 29 of the Complaint and denies that Delta is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## [DELTA'S] JURY DEMAND

Kohler acknowledges and joins in Delta's demand for a trial by jury on all claims and all issue triable by jury in this action.

## KOHLER'S AFFIRMATIVE DEFENSES

Kohler asserts the following affirmative defenses:

1.     Kohler does not infringe and has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise, any valid and enforceable claim of the '723 Patent because, for example, one or more elements of every claim of the '723 Patent is not present in the products accused of infringement.

2.     One or more claims of the '723 Patent is invalid for failing to comply with the conditions for patentability set forth in pre-AIA 35 U.S.C. § 101 et seq., including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

3.     On information and belief, Delta is precluded from pursuing a doctrine of equivalents theory of patent infringement against Kohler with respect to one or more of the claims of the '723 Patent asserted in Complaint under the doctrine of ensnarement based on disclosures in the prior art, the doctrine of prosecution history estoppel based on amendments submitted and representations made to the United States Patent and Trademark Office during prosecution of the application for the '723 Patent, the doctrine of dedication to the public based

on unclaimed disclosures in the specification of the '723 Patent, and/or the doctrine of claim

vitiation based on the limitations in the claims of the '723 Patent.

4.      To the extent that discovery establishes that Delta or any licensee failed to

properly mark substantially all products covered by the '723 Patent with the '723 Patent number

or give notice to Kohler under 35 U.S.C. § 287(a), Delta's claim for damages (to the extent Delta

is entitled to any damages) is barred in whole or in part.

5.      To the extent that discovery establishes that Delta delayed filing suit for an

unreasonable and inexcusable length of time after it knew or reasonably should have known of

its potential claim against Kohler and that delay prejudiced Kohler, Delta's claim for damages

(to the extent Delta is entitled to any damages) is barred in whole or in part by the doctrine of

equitable estoppel.

6.      Under 35 U.S.C. § 286, Kohler cannot be liable for any damages (to the extent

Delta is entitled to any damages) arising from any alleged infringement of the '723 Patent

committed more than six years prior to the filing of the Complaint.

7.      On information and belief, Delta's demand to enjoin Kohler for patent

infringement is barred because Delta has suffered neither harm nor irreparable harm from

Kohler's actions.  To the extent that Delta's claims relate to the sale to and/or use by or for the

United States government of the allegedly infringing products, Delta's claims for relief are

barred by 28 U.S.C. § 1498.

8.      On information and belief, and to the extent the licensor of the '723 Patent or an

entity other than Delta is not excluded from practicing the invention claimed in the '723 Patent,

Delta lacks standing to bring this action.

9.     On information and belief, Delta may be barred from monetary recovery, or at least lost profits, as a mere licensee.

10.    Delta fails to state a claim upon which relief may be granted.

## KOHLER'S COUNTERCLAIMS

Kohler counterclaims against Delta as follows:

### Parties, Jurisdiction, and Venue

1.     Kohler Co. is a corporation organized and existing under the laws of the State of Wisconsin, having its principal place of business at 444 Highland Drive, Kohler, Wisconsin 53044.

2.     On information and belief, and as stated in Delta's Complaint, Delta is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 55 East 11th Street, Indianapolis, Indiana, 46280.

3.     This Court has personal jurisdiction over Delta.  Delta is the named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Complaint. This Court also has personal jurisdiction over Delta because, at all times pertinent hereto, upon information and belief, Delta resides in, regularly transacts business in, and has systematic activities in the State of Indiana and this District and is committing infringing acts in this District.  More specifically, upon information and belief, Delta offers for sale and sells toilets, including the accused infringing toilets, online and through dealers and retail outlets in this District.

4.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.  An actual controversy exists between the parties

regarding the validity and infringement of the '723 Patent by virtue of Delta's allegations of infringement.

5. As the named plaintiff in this action, Delta has consented to venue in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1400(b) because Delta is incorporated in the State of Indiana, resides in this District, maintains its principal place of business in this District, and has committed acts of patent infringement in this District.

**Count I – Declaratory Judgment of Non-Infringement of the '723 Patent**

6. Kohler repeats and realleges the allegations set forth in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.

7. Delta has alleged in its Complaint that it has the exclusive license to U.S. Patent No. 7,360,723 from Sidus Technologies, Inc. to make, have made, use, distribute, offer for sale, sell, and import products, and has the right to sue for any infringement thereof.

8. Delta has asserted that Kohler has infringed and is infringing the '723 Patent in its Complaint.

9. Kohler seeks a declaratory judgment that it has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '723 Patent because one or more elements of every asserted claim of the '723 Patent is absent from the products accused of infringement.

**Count II – Declaratory Judgment of Invalidity of the '723 Patent**

10. Kohler repeats and realleges the allegations set forth in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.

11. Kohler seeks a declaratory judgment that one or more asserted claims of the '723 Patent is invalid for failing to meet one or more of the conditions for patentability set forth in

pre-AIA 35 U.S.C. § 101 et seq., including without limitation, pre-AIA 35 U.S.C. §§ 101, 102, 103 and/or 112.  For example, prior art references not of record during prosecution of the '723 Patent alone or in combination render the asserted claims of the '723 invalid as anticipated under § 102 and/or obvious under § 103.

**Count III – Delta's Infringement of the '937 Patent**

12.     Kohler repeats and realleges the allegations set forth in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.

13.     On November 8, 2016, United States Patent No. 9,487,937 ("the '937 Patent"), entitled "Toilet Coupling," was duly and legally issued by the United States Patent and Trademark Office, from Application Serial No. 13/478,736, filed on May 23, 2012.  A true and correct copy of the '937 Patent is attached hereto as **Exhibit 1** and made part of these Counterclaims.

14.     Kohler is the owner by assignment of all right, title, and interest in and to the inventions claimed in the '937 patent.  Kohler is entitled to receive all damages and the benefits of all other remedies for Delta's infringement.

15.     The '937 patent is valid and enforceable.

16.     Without permission or authorization from Kohler and in violation of 35 U.S.C. § 271(a), Delta is making, selling, offering for sale, and/or using in this District and elsewhere in the United States, certain toilets, under the name "SmartFit," including at least the Prelude Round Front Toilet, and toilets marketed under C41101, C41201, C41801, and C41901 model numbers (and any other similarly configured products (collectively, the "Infringing Toilets")), that infringe at least claims 1, 2, and 4 of the '937 Patent (the "Asserted Claims").

17.     More specifically, with respect to the Asserted Claims, the Infringing Toilets comprise a tank having a bottom, a bowl, and an attachment assembly configured to secure the bottom of the tank to the bowl.

18.     The Infringing Toilets have an attachment assembly comprising a mounting bracket having at least three mounting locations spaced apart around an opening.

19.     The Infringing Toilets have a valve configured to fluidly connect the tank and the bowl, the valve being configured to engage the bottom of the tank and the opening in the mounting bracket.

20.     The Infringing Toilets have a valve nut configured to couple to the valve to secure the mounting bracket between the valve nut and the tank.

21.     The Infringing Toilets have a gasket disposed between the valve nut and an inlet opening of the bowl to prohibit leaking.

22.     The gasket in the Infringing Toilets is directly coupled to the valve, the valve nut, and the mounting bracket.

23.     The Infringing Toilets have at least three fasteners configured to secure the mounting bracket to the bowl.

24.     The at least three fasteners in the Infringing Toilets are disposed external to the tank and couple the tank to the bowl without directly engaging the tank.

25.     The pitch of the tank in the Infringing Toilets is adjustable relative to the bowl about a lateral axis through adjustment of at least one of the at least three fasteners.

26.     The roll of the tank in the Infringing Toilets is adjustable relative to the bowl about a fore-aft axis through adjustment of at least one of the at least three fasteners.

27.     The inner surface of the gasket in the Infringing Toilets is directly coupled to the valve nut.

28.     One of the three mounting locations in the Infringing Toilets is provided rearward of a lateral axis and substantially on a fore-aft axis, and the other two mounting locations are provided on opposing sides of the fore-aft axis forward of the lateral axis.

29.     At least by serving these Counterclaims, Kohler has given Delta notice of the infringement.

30.     Delta's infringement of the '937 Patent is willful and deliberate.

31.     As a direct and proximate result of Delta's conduct, Kohler has suffered and will continue to suffer substantial injury and damage in an amount to be determined at trial, as well as irreparable harm, for which Kohler has no adequate remedy at law, unless and until Delta is enjoined from infringing the '937 patent.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Kohler hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Kohler prays for the following relief:

a.      For dismissal of Delta's Complaint, with prejudice;

b.      For a declaration that Kohler has not infringed any valid claim of the '723 Patent;

c.      For a declaration that the claims of the '723 Patent are invalid;

d.      For a declaration that Delta is not entitled to any remedy or relief;

e.      For a judgment in favor of Kohler that Delta has infringed the '937 Patent;

f.      For a preliminary and permanent injunction enjoining Delta and its agents, officers, directors, employees and all persons in privity or active concert or participation with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the '937 Patent;

g.      For a judgment and award that Delta account for and pay to Kohler damages adequate to compensate for Delta's infringement of the '937 patents, including lost profits but in no event less than a reasonable royalty;

h.      For a judgment and award of any supplemental damages sustained by Kohler for any continuing post-verdict infringement of the '937 patent until entry of final judgment with an accounting as needed;

i.      For an award to Kohler of treble damages due to the willful and deliberate nature of Delta's infringement of the '937 Patent;

j.      For an order finding that this case is exceptional case under 35 U.S.C. § 285 and awarding Kohler its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Delta;

k.      For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

l.      For an award of any such other relief as this Court deems just and proper.

Dated this 1st day of June, 2017.

                              **MICHAEL BEST & FRIEDRICH LLP**


                              By:  s/Daniel J. Lueders/
                              Jonathan H. Margolies, admitted *pro hac vice*
                              Katherine W. Schill, admitted *pro hac vice*
                              Melanie J. Reichenberger, *pro hac vice* pending
                              100 East Wisconsin Avenue, Suite 3300
                              Milwaukee, WI  53202-4108
                              Phone: 414.271.6560
                              Facsimile: 414.277.0656
                              jhmargolies@michaelbest.com
                              kwschill@michaelbest.com
                              mjreichenberger@michaelbest.com


                              WOODARD, EMHARDT, MORIARTY,
                              MCNETT & HENRY LLP
                              Daniel J. Lueders
                              111 Monument Circle, Suite 3700
                              Indianapolis, Indiana 46204-5137
                              Phone: 317. 634.3456
                              Facsimile: 317. 637.7561
                              dlueders@uspatent.com


                              *Attorneys for Defendant and Counterclaimant*
                              *Kohler Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2017, I caused the foregoing document to be

electronically filed with the Court, which will provide electronic service on counsel of record for

Plaintiff, who are registered with the Court's ECF/CM system.


By:  s/Daniel J. Lueders/
          Daniel J. Lueders


#1412023