UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DELTA FAUCET COMPANY, | ) | |
| | ) | |
| Plaintiff/Counter Defendant, | ) | |
| | ) | CASE NO. 1:17-CV-1222-SEB-DML |
| v. | ) | |
| | ) | |
| KOHLER CO., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**DELTA FAUCET COMPANY'S ANSWER
AND DEFENSES TO KOHLER CO.'S COUNTERCLAIMS**

Plaintiff/Counterdefendant, Delta Faucet Company ("DFC") submits its Answers to the Counterclaims filed by Defendant/Counterclaimant, Kohler Co. ("Kohler"). DFC answers the allegations in Kohler's Counterclaims by reproducing each of the pertinent headings therein [in brackets] and the corresponding paragraph numbering, if any, with the text of each of the pertinent paragraph(s) within the Counterclaims reproduced in **bold typeface**, immediately followed by DFC's answer(s) thereto. DFC's reproduction herein of any material set forth in Kohler's Counterclaims is solely for the purpose of convenience and is not, and should not be construed as, an admission by DFC that any allegations or other statements in the Counterclaims, whether explicit or implied, are true, correct, or admitted by DFC. All allegations in Kohler's Counterclaims that DFC does not expressly admit or deny, below, are hereby denied.

**[KOHLER'S COUNTERCLAIMS]**

**[Parties, Jurisdiction, and Venue]**

**1.      Kohler Co. is a corporation organized and existing under the laws of the State of Wisconsin, having its principal place of business at 444 Highland Drive, Kohler, Wisconsin 53044.**

ANSWER:  DFC admits the allegations in paragraph 1.

**2.     On information and belief, and as stated in DFC's Complaint, DFC is a corporation organized and existing under the laws of the State of Indiana, having its principal place of business at 55 East 11th Street, Indianapolis, Indiana, 46280.**

ANSWER:  DFC admits the allegations in paragraph 2.

**3.     This Court has personal jurisdiction over DFC.  DFC is the named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its Complaint. This Court also has personal jurisdiction over DFC because, at all times pertinent hereto, upon information and belief, DFC resides in, regularly transacts business in, and has systematic activities in the State of Indiana and this District and is committing infringing acts in this District.  More specifically, upon information and belief, DFC offers for sale and sells toilets, including the accused infringing toilets, online and through dealers and retail outlets in this District.**

ANSWER:  DFC admits that this Court has personal jurisdiction over it and that DFC

filed the initiating Complaint in this action (Dkt. No. 1), but DFC denies the merit and

validity of any of Kohler's Counterclaims for which personal jurisdiction may be had.

Specifically, DFC denies committing any infringing acts, and denies that toilets offered

for sale and sold by DFC infringe any valid claim of any patent asserted by Kohler in this

action.  DFC denies the remaining allegations in paragraph 3.

**4.     This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.  An actual controversy exists between the parties regarding the validity and infringement of the '723 Patent by virtue of DFC's allegations of infringement.**

ANSWER:  DFC admits that this Court has subject matter jurisdiction over Kohler's

Counterclaims "pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202;" however,

DFC denies the merit and validity of any of Kohler's Counterclaims for which subject

matter jurisdiction may be had.  DFC admits that it brought claims for infringement of

U.S. Patent number 7,360,723 ("'723 Patent") against Kohler, and that "[a]n actual

controversy exists between the parties."   DFC denies any remaining allegations in paragraph 4.

**5.      As the named plaintiff in this action, DFC has consented to venue in this District. Venue is also proper in this District pursuant to 28 U.S.C. § 1400(b) because DFC is incorporated in the State of Indiana, resides in this District, maintains its principal place of business in this District, and has committed acts of patent infringement in this District.**

ANSWER:  DFC admits that it is an Indiana corporation and that it has a principal place of business in this District.  DFC admits that venue is proper in this District, except that DFC denies the merit and validity of any of Kohler's Counterclaims for which venue may be had.  DFC denies that it has committed "any acts of patent infringement."  DFC denies any remaining allegations in paragraph 5.

**[Count I – Declaratory Judgment of Non-Infringement of the '723 Patent]**

**6.      Kohler repeats and realleges the allegations set forth in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.**

ANSWER:  In response to paragraph 6, DFC realleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-5 above, and any allegations and affirmative statements set forth in DFC's Complaint and in paragraphs 1-5 above.

**7.      DFC has alleged in its Complaint that it has the exclusive license to U.S. Patent No. 7,360,723 from Sidus Technologies, Inc. to make, have made, use, distribute, offer for sale, sell, and import products, and has the right to sue for any infringement thereof.**

ANSWER:  DFC admits it has alleged in its Complaint that DFC  "has an exclusive license to the '723 Patent from Sidus Technologies, Inc. to make, have made, use, distribute, offer for sale, sell, and import products, and has the right to sue for any infringement thereof."  (Dkt. No. 1, Complaint, ¶ 19).

**8.     DFC has asserted that Kohler has infringed and is infringing the '723 Patent in its Complaint.**

ANSWER:  DFC admits it has brought claims for infringement of the '723 Patent against

Kohler as set forth in its Complaint (Dkt. No. 1).

**9.     Kohler seeks a declaratory judgment that it has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the '723 Patent because one or more elements of every asserted claim of the '723 Patent is absent from the products accused of infringement.**

ANSWER:  As set forth in DFC's Complaint, DFC affirmatively states that the '723

Patent is valid and enforceable, and Kohler has infringed and is infringing at least Claim

1 of the '723 Patent.  DFC denies the remaining allegations in paragraph 9.

**[Count II – Declaratory Judgment of Invalidity of the '723 Patent]**

**10.    Kohler repeats and realleges the allegations set forth in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.**

ANSWER:  In response to paragraph 10, DFC realleges and incorporates by reference, as

if fully set forth herein, its responses to paragraphs 1-9 above, and any allegations and

affirmative statements set forth in DFC's Complaint and in paragraphs 1-9 above.

**11.    Kohler seeks a declaratory judgment that one or more asserted claims of the '723 Patent is invalid for failing to meet one or more of the conditions for patentability set forth in pre-AIA 35 U.S.C. § 101 et seq., including without limitation, pre-AIA 35 U.S.C. §§ 101, 102, 103 and/or 112.   For example, prior art references not of record during prosecution of the '723 Patent alone or in combination render the asserted claims of the '723 invalid as anticipated under § 102 and/or obvious under § 103.**

ANSWER:  DFC denies the allegations in paragraph 11 and affirmatively states that the

'723 Patent is valid and enforceable.

**[Count III – DFC's Infringement of the '937 Patent]**

**12.     Kohler repeats and realleges the allegations set forth in Paragraphs 1 through 5 of these Counterclaims as though fully set forth herein.**

ANSWER:  In response to paragraph 12, DFC realleges and incorporates by reference, as if fully set forth herein, its responses to paragraphs 1-11 above, and any allegations and affirmative statements set forth in DFC's Complaint and in paragraphs 1-11 above.

**13.     On November 8, 2016, United States Patent No. 9,487,937 ("the '937 Patent"), entitled "Toilet Coupling," was duly and legally issued by the United States Patent and Trademark Office, from Application Serial No. 13/478,736, filed on May 23, 2012.  A true and correct copy of the '937 Patent is attached hereto as Exhibit 1 and made part of these Counterclaims.**

ANSWER:  DFC admits that an uncertified copy of the '937 Patent is attached to Kohler's Answer and Counterclaims as Exhibit 1, and that the cover page thereof includes the title "Toilet Coupling" and shows an issue date of November 8, 2016.  DFC is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 13 and, therefore, denies them.

**14.     Kohler is the owner by assignment of all right, title, and interest in and to the inventions claimed in the '937 patent.  Kohler is entitled to receive all damages and the benefits of all other remedies for DFC's infringement.**

ANSWER:  DFC denies that it has infringed or is infringing the '937 Patent.  DFC is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 14 and, therefore, denies them.

**15.     The '937 patent is valid and enforceable.**

ANSWER:  DFC denies the allegations in paragraph 15.

16. **Without permission or authorization from Kohler and in violation of 35 U.S.C. § 271(a), DFC is making, selling, offering for sale, and/or using in this District and elsewhere in the United States, certain toilets, under the name "SmartFit," including at least the Prelude Round Front Toilet, and toilets marketed under C41101, C41201, C41801, and C41901 model numbers (and any other similarly configured products (collectively, the "Infringing Toilets")), that infringe at least claims 1, 2, and 4 of the '937 Patent (the "Asserted Claims").**

ANSWER: DFC admits that it sells toilets under the name "SmartFit," and that it has sold a product called "Prelude Round Front Toilet" and has marketed products under model numbers C41101, C41201, C41801, and C41901; however, DFC denies any infringement allegations with regard to these products or the alleged Infringing Toilets, and further denies the remaining allegations in paragraph 16.

17. **More specifically, with respect to the Asserted Claims, the Infringing Toilets comprise a tank having a bottom, a bowl, and an attachment assembly configured to secure the bottom of the tank to the bowl.**

ANSWER: DFC denies the allegations in paragraph 17.

18. **The Infringing Toilets have an attachment assembly comprising a mounting bracket having at least three mounting locations spaced apart around an opening.**

ANSWER: DFC denies the allegations in paragraph 18.

19. **The Infringing Toilets have a valve configured to fluidly connect the tank and the bowl, the valve being configured to engage the bottom of the tank and the opening in the mounting bracket.**

ANSWER: DFC denies the allegations in paragraph 19.

20. **The Infringing Toilets have a valve nut configured to couple to the valve to secure the mounting bracket between the valve nut and the tank.**

ANSWER: DFC denies the allegations in paragraph 20

21.     The Infringing Toilets have a gasket disposed between the valve nut and an inlet opening of the bowl to prohibit leaking.

ANSWER:  DFC denies the allegations in paragraph 21.

22.     The gasket in the Infringing Toilets is directly coupled to the valve, the valve nut, and the mounting bracket.

ANSWER:  DFC denies the allegations in paragraph 22.

23.     The Infringing Toilets have at least three fasteners configured to secure the mounting bracket to the bowl.

ANSWER:  DFC denies the allegations in paragraph 23.

24.     The at least three fasteners in the Infringing Toilets are disposed external to the tank and couple the tank to the bowl without directly engaging the tank.

ANSWER:  DFC denies the allegations in paragraph 24.

25.     The pitch of the tank in the Infringing Toilets is adjustable relative to the bowl about a lateral axis through adjustment of at least one of the at least three fasteners.

ANSWER:  DFC denies the allegations in paragraph 25.

26.     The roll of the tank in the Infringing Toilets is adjustable relative to the bowl about a fore-aft axis through adjustment of at least one of the at least three fasteners.

ANSWER:  DFC denies the allegations in paragraph 26.

27.     The inner surface of the gasket in the Infringing Toilets is directly coupled to the valve nut.

ANSWER:  DFC denies the allegations in paragraph 27.

28.     One of the three mounting locations in the Infringing Toilets is provided rearward of a lateral axis and substantially on a fore-aft axis, and the other two mounting locations are provided on opposing sides of the fore-aft axis forward of the lateral axis.

ANSWER:  DFC denies the allegations in paragraph 28.

**29.     At least by serving these Counterclaims, Kohler has given DFC notice of the infringement.**

ANSWER:  DFC admits that it has had notice of Kohler's allegations of infringement since the date Kohler served its Counterclaims.  DFC denies any remaining allegations in paragraph 29.

**30.     DFC's infringement of the '937 Patent is willful and deliberate.**

ANSWER:  DFC denies the allegations in paragraph 30.

**31.     As a direct and proximate result of DFC's conduct, Kohler has suffered and will continue to suffer substantial injury and damage in an amount to be determined at trial, as well as irreparable harm, for which Kohler has no adequate remedy at law, unless and until DFC is enjoined from infringing the '937 patent.**

ANSWER:  DFC denies the allegations in paragraph 31.

## [PRAYER FOR RELIEF]

In response to Kohler's Prayer for Relief, DFC incorporates herein the allegations and affirmative statements set forth in its Complaint, and its responses and any allegations and affirmative statements set forth in paragraphs 1-31 above.  DFC denies that Kohler is entitled to any of the relief requested in its Counterclaims, in its Prayer for Relief, or in any other requests for relief, and respectfully requests that this Court deny in all respects Kohler's counterclaims and other requests for relief; that Kohler take nothing by way of its counterclaims and other requests for relief; and that Kohler's counterclaims be dismissed with prejudice.

## DFC'S DEFENSES

DFC realleges and incorporates by reference, as if fully set forth herein, its responses and any allegations and affirmative statements set forth in its answers to paragraphs 1-31 above.

Without admitting or acknowledging it bears the burden of proof to any of them, DFC asserts at least the following defenses to Kohler's Counterclaims.  DFC reserves the right to assert additional defenses that become known through the course of discovery.

### First Defense: Non-Infringement

32.     DFC does not infringe, and has never infringed, in any way, any valid claim of the '937 Patent, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271, and, as such, is without any liability to Kohler.

### Second Defense: Invalidity

33.     All claims of the '937 Patent are invalid for failure to meet and/or comply with one or more of the conditions and requirements of the patent laws and regulations, including, but not limited to, the conditions and requirements set forth in 35 U.S.C. §§ 101, 102, 103, and 112; and 37 C.F.R. §§ 1.1 *et seq*.

### Third Defense: Limitation on Damages

34.     Some or all of Kohler's claims for relief concerning the '937 Patent are limited or barred as a consequence of failing to comply with the requirements of 35 U.S.C. §§ 285-287 and/or 288.

### Fourth Defense: Equitable Defenses

35.     Kohler's claims for relief concerning the '937 Patent are barred, in whole or in part, under the principles of equity, including, without limitation, laches, prosecution laches, waiver, implied waiver, estoppel, prosecution history estoppel, misconduct, unclean hands, patent misuse, unfair competition, and/or other equitable defenses.

**Fifth Defense: Failure to State a Claim**

36.    Kohler has failed to state any claim upon which relief can be granted.

**Sixth Defense: Unavailability of Injunctive Relief**

37.    Kohler is not entitled to injunctive relief or any other equitable relief at least because any alleged injury to Kohler is not irreparable and because, had Kohler been injured, it would have an adequate remedy at law.

**Seventh Defense: Disclaimer/Disavowal of Claim Scope**

38.    By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the '937 Patent and any related patents, and/or by virtue of statements made within one or more of the specifications thereof, Kohler has disclaimed and/or disavowed the full scope of any allegedly infringed claim of the '937 Patent and, as such, is estopped from construing any such claim to cover or include, either literally or under the doctrine of equivalents, any product, system, or service of, or any method performed in whole or in part by, DFC.

**Eighth Defense: Prosecution History Estoppel**

39.    By virtue of statements, arguments, or amendments made, or positions taken, during the prosecution of one or more of the applications for the '937 Patent and any related patents, Kohler is estopped, under the doctrine of prosecution history estoppel, from construing any allegedly infringed claim of the patent-in-suit to cover or include under the doctrine of equivalents any product, system, or service of, or any method performed in whole or in part by, DFC.

**Ninth Defense: Release, License, and Exhaustion**

40.     Kohler's claims are barred, in whole or in part, by the defenses of release, license, exhaustion, waiver, and estoppel (including, without limitation, defenses arising from implied licenses and/or the doctrine of patent exhaustion); and/or due to restrictions on double recovery.

**Tenth Defense: Exceptional Case**

41.     Kohler cannot prove that this is an exceptional case justifying an award of attorneys' fees against DFC pursuant to 35 U.S.C. § 285.

**Eleventh Defense: Reservation of Additional Defenses**

42.     DFC reserves all defenses in the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that exist now or that may be available in the future based on discovery, any other factual investigation, or any other development relating to this case or any other action.

**PRAYER FOR RELIEF**

Wherefore DFC respectfully requests that this Court deny in all respects Kohler's counterclaims and other requests for relief; that Kohler take nothing by way of its counterclaims and other requests for relief; that Kohler's counterclaims be dismissed with prejudice; that the Court enter a judgment in favor of DFC on all claims asserted by Kohler, and that the Court enter a judgment:

A.  Finding that the '723 Patent is valid, enforceable, and infringed by Kohler;

B.  Entering a permanent injunction against Kohler, enjoining it, its directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity, concert, or participation with it, from making, using, selling, or offering for sale in the United States, or importing into the United States, any and

all products and/or services embodying the patented inventions claimed in the '723 Patent;

C. Awarding DFC its damages for infringement of the '723 Patent pursuant to 35 U.S.C. § 284 and, to the extent applicable, 35 U.S.C. § 154(d), and pre and post judgment interest as allowed by law;

D. Finding that Kohler's infringement of the '723 Patent has been deliberate and willful, and awarding DFC treble damages under 35 U.S.C. § 284.

E. Finding that DFC does not infringe, and has never infringed, any valid claim of the '937 Patent, whether literally, directly, indirectly, jointly with any other person or entity, contributorily, by inducement, under the doctrine of equivalents, or otherwise under any section of 35 U.S.C. § 271;

F. Finding that the claims of the '937 Patent are invalid;

G. Finding that Kohler is not entitled to any injunctive relief;

H. Finding that all asserted claims of the '937 Patent are unenforceable against DFC and no damages for any alleged past infringement of the '937 Patent by DFC can be recovered by Kohler because such damages are barred by the equitable doctrines of laches, waiver, and/or estoppel;

I. Finding that all asserted claims are barred, in whole or in part, by release, license, exhaustion, and/or waiver;

J. Enjoining Kohler, its counsel, its officers, and any and all persons in active concert or participation with Kohler, either directly or indirectly, from charging infringement of, or instituting any action for infringement of, the '937 Patent against DFC, its vendors, its business partners, or its customers for the

US.112760642.01

manufacture, use, sale, offer for sale, or importation of DFC's products, systems, and/or services that Kohler has accused of infringing the '937 Patent;

K.   Awarding DFC its costs, expenses, and fees, including reasonable attorneys' fees, pursuant to 35 U.S.C. § 285 and/or other applicable statutes; and

L.   Awarding DFC such other and further relief as the Court deems just, equitable and proper.


Dated: July 6, 2017                              Respectfully submitted,

                                                  /s/ Trevor Carter
                                                 R. Trevor Carter (#18562-49)
                                                 Trevor.Carter@faegrebd.com
                                                 Trenton B. Morton (#30777-49)
                                                 Trenton.Morton@faegrebd.com

                                                 **FAEGRE BAKER DANIELS LLP**
                                                 300 N. Meridian St., Suite 2700
                                                 Indianapolis, IN  46204
                                                 Tel: (317) 237-0300
                                                 Fax: (317) 237-1000

                                                 *Attorneys for Plaintiff/Counter Defendant,*
                                                 *Delta Faucet Company*


## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2017, a copy of the foregoing *Plaintiff's Answers to Counterclaims* was filed electronically.  Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                                  /s/ Trevor Carter